**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| MICHAEL EUGENE HALE, | : | Case No. 1:25-cv-964 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | District Judge Douglas R. Cole |
| | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| SHAWNEE MENTAL HEALTH, *et al.,* | : | |
| | : | |
| Defendants. | : | |

## ORDER

Plaintiff, an inmate at the Northeast Arkansas Community Correction Center in Osceola, Arkansas, has filed a *pro se* personal injury action seeking to invoke this Court's diversity jurisdiction. This matter is before the Court to address Plaintiff's motions to proceed *in forma pauperis*, (Docs. 1, 7, 12), the unsigned complaint and amended complaint, (Docs. 1-1, 7-1), and the motions for the appointment of counsel. (Docs. 3, 5).

### I.      Background

This case was filed on December 29, 2025. (*See* Complaint, Doc. 1-1; Motion for Leave to Proceed *In Forma Pauperis*, Doc. 1; Motion to Appoint Counsel, Doc. 3). That same day, the Clerk of Court issued a Notice of Deficiency to Plaintiff regarding the unsigned Complaint and the missing Civil Cover Sheet and service documents. (*See* Doc. No. 2).

Plaintiff responded by filing the required Civil Cover Sheet and service documents, (*See* Docs. 4, 4-1), as well as a second motion to appoint counsel, (Doc. 5), a second motion to proceed *in forma pauperis*, (Doc. 7), and a new Complaint, which was also unsigned, (Doc. 7-1). On February 17, 2026, the Court issued a Deficiency Order, directing Plaintiff to file a signed Complaint if he wished to pursue this action.   (Doc. 8). Plaintiff then filed a notice of change of

address, (Doc. 9), an amended motion to proceed *in forma pauperis*, (Doc. 12), and a motion to "Help [him] get [his] case going." (Doc. 13).

## II.      Plaintiff May Proceed *in Forma Pauperis*

Plaintiff's amended application to proceed *in forma pauperis*, (Doc. 12), and his certified account statement, (Doc. 12, at PageID 72), reveal that he has insufficient funds in his prison account to pay the full filing fee to commence this action. After consideration of Plaintiff's affidavit of indigence only, without regard to the merits of this case, Plaintiff's amended application to proceed *in forma pauperis*, (Doc. 12), is hereby **GRANTED** pursuant to 28 U.S.C. § 1915(a). It is **ORDERED** that Plaintiff be allowed to prosecute this action without prepayment of fees or costs and that judicial officers who render services shall do so as if the costs had been prepaid. Plaintiff's prior motions to proceed *in forma pauperis*, (Docs. 1, 7), are **DENIED as moot**.

Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1914. Because he is permitted to proceed *in forma pauperis*, Plaintiff is not required to pay the Court's $55 administrative fee. Plaintiff's Application, however, reflects that he does not have sufficient funds to pay the entire filing fee in full at this time.

In accordance with section 804(a)(3) of the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(b)(1), Plaintiff must pay an initial partial filing fee of 20 percent of the greater of the average monthly deposits to his prison account or the average monthly balance in his account for the six month period immediately preceding the filing of the complaint. After payment of the initial partial filing fee, Plaintiff is further required to make monthly payments of 20 percent of the preceding month's income credited to his prison account until he pays the full amount of the filing fee. 28 U.S.C. § 1915(b)(2).

2

The custodian of Plaintiff's inmate trust account at the institution of his residence is therefore **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of:

(a) the average monthly deposits to the inmate trust account; or

(b) the average monthly balance in the inmate trust account, for the six months immediately preceding the filing of this action.

28 U.S.C. § 1915(b)(1). If Plaintiff does not currently possess the funds to pay the initial filing fee, the amount assessed shall be collected from Plaintiff's account when such funds become available. 28 U.S.C. § 1915(b)(4). Even if the account balance is less than $10, the custodian must still forward payments to the Clerk of Court to pay the initial filing fee.

Once the initial partial filing fee is paid, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account if, during that month, the balance of that account exceeds $10, until the full fee of $350 has been paid. 28 U.S.C. § 1915(b)(2); *see McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). If Plaintiff is transferred to another institution, the current custodian should forward this Order to that institution so that the new custodian of Plaintiff's account can collect and remit the monthly partial payment. Checks are to be made payable to "Clerk, U.S. District Court" and sent to:

> **Prisoner Accounts Receivable**
> **103 Potter Stewart U.S. Courthouse**
> **100 East 5th Street**
> **Cincinnati, Ohio 45202**

*The prisoner's name and this case number must be included on each remittance.*

The **Clerk of Court** is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office.

3

### III.     Next Steps

In order to proceed in this matter, **Plaintiff must file a signed Amended Complaint**. Pursuant to Fed. R. Civ. P. 11, every pleading, written motion, and other paper shall be signed by the party if not represented by counsel. Accordingly, the **Clerk of Court** is **DIRECTED** to return Doc. 7-1, which the Court construes as an Amended Complaint, to Plaintiff. Plaintiff is **ORDERED** to sign the Amended Complaint and return it to the Clerk of Court within **thirty (30) days** if he wishes to proceed in this matter.

**If Plaintiff fails to comply with this Order and does not file <u>a signed Amended Complaint</u>, the Court shall dismiss his case for want of prosecution**. *In re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997). If Plaintiff's case is dismissed for failure to comply with this Order, the case will not be reinstated to the Court's active docket despite the payment of the filing fee. *Id*. Should Plaintiff need additional time to comply with this Order, he should file a motion for an extension of time.

Because this Order sufficiently sets forth the next steps required to further this case, *i.e.* Plaintiff must file a signed Amended Complaint, the Court **DENIES** Plaintiff's Motion to help him get his case going, (Doc. 13), **as moot**.

### IV.     Motions to Appoint Counsel

Finally, Plaintiff has filed two motions for the appointment of counsel. (Docs. 3, 5). There is no legal or constitutional right to appointed counsel in a civil case. *Lavado v. Keohane,* 992 F.2d 601, 605-06 (6th Cir. 1993) (citations omitted). It is justified in exceptional circumstances only and is within the discretion of the trial court. *Id*. at 604, 606. Congress has not provided funds to compensate lawyers who might agree to represent indigent plaintiffs in civil cases, and there are

not enough lawyers who can absorb the costs of representing them on a voluntary basis to allow the Court to appoint counsel for all indigent plaintiffs.

With that said, the Court makes every effort to appoint counsel when a case proceeds to trial. The Court also attempts to appoint counsel at an earlier stage if exceptional circumstances exist. Here, it does not appear that exceptional circumstances exist at this time, and the Court hereby **DENIES** Plaintiff's motions. (Docs. 3, 5). This case remains in its infancy and Plaintiff has not yet filed a signed complaint. If this case is properly initiated and proceeds past dispositive motions and is headed to trial, Plaintiff may file a renewed motion to appoint counsel.

## V.       Conclusion

For the foregoing reasons, Plaintiff's amended motion to proceed *in forma pauperis*, (Doc. 12), is **GRANTED**. Plaintiff's prior motions to proceed *in forma pauperis* (Docs. 1, 7), as well as his motion to help him get his case going, (Doc. 13), are **DENIED as moot**. Plaintiff's motions for the appointment of counsel, (Docs. 3, 5) are also **DENIED**.

The **Clerk of Court** is **DIRECTED** to return Doc. 7-1, which the Court construes as an Amended Complaint, to Plaintiff. Plaintiff is **ORDERED** to sign the Amended Complaint and return it to the Clerk of Court within **thirty (30) days** if he wishes to proceed in this matter.

**IT IS SO ORDERED.**

*s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge