**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (CINCINNATI)**

| | | |
|---|---|---|
| MICHAEL EUGENE HALE, | : | Case No. 1:25-cv-964 |
| Plaintiff, | : | District Judge Matthew R. Byrne<br>Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| SHAWNEE MENTAL HEALTH, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATIONS

Plaintiff, an inmate at the Central Arkansas Community Correction Center in Little Rock, Arkansas, has filed a *pro se* civil action against Defendants Shawnee Mental Health and Randell Lewis, alleging childhood sexual abuse while a client of Shawnee Mental Health. (Doc. 19, PageID 92). Previously, Plaintiff was granted leave to proceed *in forma pauperis*. (Doc. 14).

This matter is before the undersigned Magistrate Judge for an initial screening of the Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's Complaint for lack of subject matter jurisdiction.

## I. Standard of Review

Under 28 U.S.C. § 1915(e), the federal *in forma pauperis* statute, a federal court must *sua sponte* dismiss an action upon determining that an *in forma pauperis* complaint is frivolous or fails to state a claim for relief. When the face of the complaint provides no basis for federal jurisdiction, the court may dismiss an action as frivolous and for lack of subject-matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3). *See Bell v. Mahilo*, No. 1:26-cv-864, 2026 WL 3082451, at *3 (S.D. Ohio Oct. 15, 2026) (citing *Williams v. Cincy Urb. Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) and *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

## II. Analysis

Plaintiff Michael Eugene Hale is currently incarcerated at the Central Arkansas Community Correction Center in Little Rock, Arkansas. He brings this civil action against Shawnee Mental Health in Portsmouth, Ohio, and Randell Lewis, whose address is not listed in the Complaint or service documents. (Doc. 19, PageID 95; Doc. 4-1, PageID 30). Plaintiff alleges that he was a client of Shawnee Mental Health when he was between the ages of nine and twelve years old, and during that time, he was sexually abused by a counselor/big brother. (Doc. 19, PageID 96). He further alleges that he told his mother and his case worker about the abuse, but his mother and Cathy Fancier ignored his reports. (*Id.*) It is unclear whether Fancier is the case worker referenced in the Complaint, and she is not named as a Defendant. Although Randell Lewis is a named Defendant, the operative Complaint contains no allegations against him. However, a prior unsigned version of the

Complaint identifies Lewis as Plaintiff's abuser. (Doc. 1-1, PageID 11). As relief, Plaintiff seeks twenty-five million dollars, as well as a ten-million-dollar trust account to help others similarly situated. (Doc. 19, PageID 98).

The Court accepts Plaintiff's factual allegations as true for purposes of this screen. *See Bell Atlantic Corp. v. Twombl*y, 550 U.S. 544, 570 (2007). Even so, the Complaint lacks critical details that are required to proceed. Most importantly, the Complaint fails to assert a basis for this Court's subject matter jurisdiction. The Complaint also lacks factual allegations regarding pertinent dates, locations, how each defendant is involved, and the specific cause(s) of action Plaintiff intends to pursue.

"The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for federal-question jurisdiction, and § 1332, which provides for diversity of citizenship jurisdiction." *Arbaugh v. Y&H Corp*., 546 U.S. 500, 501 (2006) (cleaned up). Federal-question jurisdiction is implicated when a plaintiff pleads a claim "arising under" the federal laws or the United States Constitution. *Id*. For a federal court to have diversity jurisdiction pursuant to § 1332(a), complete diversity of citizenship must exist (which means that each plaintiff must be a citizen of a different state than each defendant) and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Federal Rule of Civil Procedure 8(a)(1) requires a pleading to contain "a short plain statement of the grounds for jurisdiction." Fed. R. Civ. P. 8(a)(1). Thus, "a plaintiff seeking diversity jurisdiction [must] set forth the factual basis on which that jurisdiction is predicated." *Farmer v. Fisher*, 386 F. App'x 554, 556 (6th Cir. 2010); *see also Kokkonen*

*v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("[I]t is to be presumed that a cause lies outside [the Court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."). Although this pleading standard does not require "detailed factual allegations," a complaint will not "suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).

Here, Plaintiff has not identified any claims arising under federal laws or the United States Constitution to establish subject-matter jurisdiction under 28 U.S.C. § 1331. Plaintiff identifies no statute, regulation, or rule – federal or otherwise – that gives rise to his claims. Nor can Plaintiff rely on diversity of citizenship pursuant to 28 U.S.C. § 1332 to establish this Court's subject-matter jurisdiction because he has not plausibly alleged that diversity jurisdiction is satisfied. Plaintiff does not allege that the parties are citizens of different states, and in fact, he makes no attempt to plead citizenship at all. The Court acknowledges that Plaintiff filed a Civil Cover Sheet, and on that document, he checked the box for diversity jurisdiction. (Doc. 7-2, PageID 55). He also checked boxes indicating that Defendant – presumably Shawnee Mental Health – is "Incorporated and Principal Place of Business in Another State" and that Plaintiff is a "Citizen of Another State." (*Id.*) But plaintiff fails to plead any factual basis for jurisdiction in the actual Complaint, and there is no allegation regarding Defendant Lewis's citizenship anywhere in the docket of this case.

As the party invoking federal jurisdiction, Plaintiff bears the burden of "fully alleg[ing] the citizenship of each party." *Akno 1010 Mkt. St. St. Louis Misscouri LLC v.*

*Nahid Pourtaghi*, 43 F.4th 624, 627 (6th Cir. 2022). A plaintiff satisfies this burden only if the complaint establishes complete diversity ***on its face***. *See Corner v. Greef*, 99 F. App'x 577, 580 (6th Cir. 2004) (plaintiff "must plead upon the face of his complaint facts either giving rise to diversity jurisdiction or stating a federal question"); *Carpenter v. Leonard*, No. 84-03261, 1986 WL 16815, at *1 (6th Cir. 1986) ("Federal jurisdiction must be determined from the face of the complaint."). Additionally, for purposes of diversity jurisdiction, citizenship is not synonymous with address. To establish his own citizenship as a natural person, Plaintiff "must show more than mere . . . residence. He must show . . . domicile," *Deasy v. Louisville & Jefferson Co. Metro. Sewer Dist.*, 47 F. Appx. 726, 728 (6th Cir. 2002), which requires "intent to remain." *Mason v. Lockwood, Andrews & Newman, P.C.*, 842 F.3d 383, 390 (6th Cir. 2016).

In sum, because Plaintiff has not identified any federal statutory or constitutional provision under which his claims arise,[1] and because Plaintiff has failed to plausibly allege facts upon which this Court could rely to conclude that diversity of citizenship is satisfied, the undersigned recommends that the Court dismiss this action without prejudice for failure to assert any claim over which this Court has subject-matter jurisdiction.

## III. Disposition

For the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to 28 U.S.C. § 1915(e)(2) and Federal Rule of Civil Procedure 12(h)(3) for failure to assert any claim over which this Court has subject-matter jurisdiction. It is

[1] Under the "nature of suit" heading on the Civil Cover Sheet, Plaintiff checked the box indicating that this is a "tort" action for "Health Care/Pharmaceutical Personal Injury Product Liability." (Doc. 7-2, PageID 55).

further **RECOMMENDED** that the Court **CERTIFY** that an appeal of an order adopting this Report and Recommendation would not be taken in good faith and therefore **DENY** Plaintiff leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Plaintiff may object to this recommendation as discussed in the section below. He is **ADVISED** that he must keep this Court informed of his current address while this case is pending and promptly file a Notice of New Address if he is released or transferred.

**IT IS SO RECOMMENDED.**

*s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

**Procedure on Objections**

In accordance with Rule 72(b)(2) of the Federal Rules of Civil Procedure, any party may file and serve specific written objections to this Report and Recommendation ("R&R") **within fourteen (14) days** after being served with a copy. A party may respond to another party's objections **within fourteen (14) days** after being served with a copy. If necessary, the objecting party must promptly arrange for transcribing the record, or whatever portions of it to which the parties agree or the Magistrate Judge considers sufficient. If proper objections are timely filed, then the District Judge will conduct a de novo review of the challenged portion(s) of the R&R. Failure to file timely objections may forfeit rights on appeal. *See U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).